IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BIEL LOAN CO. III-A, L.L.C.**                                                                 **PLAINTIFF**

**v.**                                                       **Civil Action No. 1:10cv153HSO-JMR**

**LEE FREYER KENNEDY CRESTVIEW, L.L.C.,**
**LEE F. KENNEDY ALABAMA, L.L.C., FACTORY**
**HILL, L.L.C. and LEE FREYER KENNEDY**                                     **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' REQUEST FOR FEDERAL RULE OF CIVIL PROCEDURE 56(d) RELIEF AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Before the Court is the Motion for Summary Judgment [20], filed by Plaintiff Biel Loan Co. III-A, LLC ("Biel"),[1] pursuant to FED. R. CIV. P. 56, on November 30, 2010. Defendants Lee Freyer Kennedy Crestview, LLC, Lee F. Kennedy Alabama, LLC, Factory Hill, LLC, and Lee Freyer Kennedy filed a Response [22] on December 21, 2010. In their Response, Defendants request additional discovery pursuant to FED. R. CIV. P. 56(d),[2] in order to adequately oppose the Motion. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Defendants' Rule 56(d) request should be granted, and that Plaintiff's Motion for Summary Judgment [20] should be denied without prejudice,

---

[1] The Motion [20] was originally filed by Plaintiff Whitney National Bank, which was substituted by Biel by Text Order dated March 4, 2011.

[2] Defendants request additional discovery pursuant to FED. R. CIV. P. 56(f), which was recodified "without substantial change" in the 2010 amendments as FED. R. CIV. P. 56(d). *Sapp v. Memorial Hermann Healthcare System*, No. 10-20340, 2010 WL 5395679, at *2 (5th Cir. Dec. 29, 2010) (*citing* FED. R. CIV. P. 56(d), 2010 amend. cmt. (2010)).

with leave to reassert at the close of discovery.

## I.  PROCEDURAL BACKGROUND

Whitney National Bank ("Whitney") filed its Complaint in this case on April 8, 2010, against Defendants Lee Freyer Kennedy Crestview, LLC, Lee F. Kennedy Alabama, LLC, Factory Hill, LLC, and Lee Freyer Kennedy, asserting state law claims for Defendants' alleged default on a series of notes and guaranty agreements executed and delivered to Whitney.  On August 19, 2010, the Court entered a Case Management Order, setting a discovery deadline of April 1, 2011.  Whitney filed its Motion for Summary Judgment on November 30, 2010.  On March 4, 2011, Biel was substituted for Whitney as the party Plaintiff on grounds that the loans, promissory notes, and guaranty agreements in this matter had been purchased, and were owned, by Biel.  March 4, 2011, Text Order; Mot. for Substitution [24].  On March 31, 2011, a Joint Motion to Extend Discovery Deadline [25] was filed by all parties.

## II.  DISCUSSION

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Rule 56(d) provides that:

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).

Rule 56(d) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id.* The Court is of the opinion that the Rule 56(d) standard is satisfied here. Though Plaintiffs have not filed a formal Rule 56(d) motion, this Court has held that "[w]hen a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56[d] motion." *Travelers Property Cas. Co. of America v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. 2008) (*citing Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009) (*quoting Lewis v. Federal Reserve Bank of Atlanta-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004)). A review of the record and briefs

indicates that Defendants have made a sufficient showing of their need for further discovery. The parties' Joint Motion to Extend Discovery Deadline [25] requests an additional ninety (90) days in which to conclude discovery, and states that:

> 7. Although the parties have worked diligently to complete discovery in a timely fashion, the voluminous documentation involved with respect to the various Loans at issue, coupled with the fact that the Loans were recently sold by Whitney to Biel have caused difficulty and delay in obtaining the necessary documentation and information. Plaintiff's counsel is working with both Biel and Whitney to obtain appropriate responses to the Defendants outstanding discovery requests.
>
> 8. Defendants intend to rely upon the discovery to more fully respond to Biel's pending Motion for Summary Judgment. *The parties are in agreement and request that the Court not take up Biel's pending Motion for Summary Judgment until after the proposed new discovery deadline.*

Mot. for Time at p. 2 [25] (emphasis added). Based upon the foregoing, and because further discovery could potentially alter the current posture of Plaintiff's Motion, the Motion for Summary Judgment will be denied without prejudice, with leave to reassert once the parties have concluded discovery.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the request of Defendants Lee Freyer Kennedy Crestview, LLC, Lee F. Kennedy Alabama, LLC, Factory Hill, LLC, and Lee Freyer Kennedy, for FED. R. CIV. P. 56(d) relief is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [20], filed by Plaintiff Biel Loan Co. III-A, LLC, pursuant to

FED. R. CIV. P. 56, is hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the conclusion of discovery in this case.

**SO ORDERED AND ADJUDGED**, this the 4th day of April, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE